UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVIN ALLEN WOLFE,<br><br>Defendant. | 5:22-CR-50165-KES<br><br>ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE |

Defendant, Devin Allen Wolfe, moves pro se for early termination of supervised release, claiming that the supervised release statute, 18 U.S.C. § 3583, contravenes the United States Constitution and international human rights law. Docket 57; Docket 58. The United States did not respond to Wolfe's motion. The court issues the following order.

**BACKGROUND**

In 2018, Wolfe was convicted of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and sentenced to 60 months in prison followed by 35 years of supervised release. Docket 70 at 1. After being released from prison, Wolfe was found to have violated the conditions of his supervised release on two separate occasions. Docket 14; Docket 36. On June 28, 2024, during his first revocation hearing, Wolfe admitted that he possessed pictures of minors who were not his children, and that he failed to comply with the provisions of the Computer/Internet Use and Monitoring Program, in violation

of Special Condition Numbers 12 and 4, respectively, of the Conditions of Supervised Release. Docket 14 at 1; Docket 13. The court sentenced Wolfe to time served, followed by 10 years of supervised release. Docket 14 at 2-3; Docket 13. On October 10, 2024, during his second revocation hearing, Wolfe was found by the court after an evidentiary hearing to have possessed or had access to a firearm, ammunition, destructive device, or dangerous weapon, and to have failed to comply with the provisions of the Computer/Internet Use and Monitoring Program, in violation of Special Condition Numbers 10 and 4, respectively, of the Conditions of Supervised Release. Docket 36 at 1; Docket 33. The court sentenced Wolfe to 9 months in custody, followed by 10 years of supervised release. Docket 36 at 2-3. Wolfe began his current term of supervised release on April 21, 2025. Docket 54 at 1. On July 9, 2025, Wolfe's probation officer filed a petition to revoke Wolfe's supervised release term. *Id.* This petition to revoke is currently pending before the court. *See id.*

On July 16, 2025, Wolfe moved for early termination of supervised release, arguing that 18 U.S.C. § 3583—the statute authorizing supervised release—violates the separation of powers doctrine, the Double Jeopardy and Due Process Clauses of the Fifth Amendment, the Sixth Amendment right to a jury trial, and principles of international human rights law. Docket 57; Docket 58 (addendum).

## LEGAL STANDARD

Under 18 U.S.C. § 3583(e), the court may—after considering a number of enumerated factors in § 3553(a)—"terminate a term of supervised release . . .

2

after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A district court retains wide discretion to terminate a defendant's supervised release term early. *See United States v. Lester*, 92 F.4th 740, 742-43 (8th Cir. 2024) (holding that, even though a district court must impose a minimum term of supervised release at sentencing according to statute, such a mandatory minimum "does not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warrant it" (citation omitted and cleaned up)).

"By its plain language, § 3583(e) requires the district court to consider certain factors when it chooses to terminate a supervised-release term or modify the supervised-release conditions." *United States v. Norris*, 62 F.4th 441, 450 (8th Cir. 2023). But when a district court *denies* a motion for early termination of supervised release, it generally need not thoroughly explain its reasons for denying the motion. *See United States v. Mosby*, 719 F.3d 925, 931 (8th Cir. 2013) ("Neither 18 U.S.C. § 3583(e) nor relevant case law required the district court to explain its denial of early termination of supervised release."); *see also Norris*, 62 F.4th at 450 n.4 (explaining that the Eighth Circuit's rule—allowing summary denial of a defendant's motion for early termination of supervised release—is an outlier when compared to sister circuits).

## DISCUSSION

Wolfe presents a series of arguments claiming that the federal supervised release system, in its entirety, violates the Constitution and international human rights law. *See generally* Docket 57; Docket 58. Wolfe contends that, because 18 U.S.C. § 3583 violates the constitution and international law, his term of supervised release should terminate early. *See id.*

A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Revocation proceedings are "typically understood as 'part of the penalty for the initial offense' " and not part of an additional punishment for a new offense. *United States v. Haymond*, 588 U.S. 634, 658 (2019) (Breyer, J., concurring in the judgment) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)); *United States v. Watters*, 947 F.3d 493, 496-97 (8th Cir. 2020) ("[T]he revocation of supervised release is a penalty attributable to the original conviction, not a new punishment." (citation omitted)).

As such, "the consequences that flow from violation of the conditions of supervised release are first and foremost considered sanctions for the defendant's breach of trust—his failure to follow the court-imposed conditions that followed his initial conviction—not for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal

conduct." *Watters*, 947 F.3d at 497 (internal quotation marks omitted and cleaned up). Because "the role of the judge in a supervised-release proceeding is consistent with traditional parole," *Haymond*, 588 U.S. at 657-58 (Breyer, J., concurring in the judgment), "the full panoply of rights" afforded to criminal defendants does not apply to individuals on supervised release, *United States v. Eagle Chasing*, 965 F.3d 647, 650 (8th Cir. 2020) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)); *see also United States v. Martinez-Espinoza*, 110 F.4th 1187, 1194-95 (10th Cir. 2024).

## I.     18 U.S.C. § 3583 is Constitutional

Wolfe argues that 18 U.S.C. § 3583 violates the separation of powers and non-delegation doctrines, the Fifth Amendment, and the Sixth Amendment to the U.S. Constitution. *See* Docket 57. Wolfe relies on the Supreme Court's plurality decision in *United States v. Haymond*, 588 U.S. 634 (2019), arguing that the Court's rationale in *Haymond* applies to all supervised release cases under 18 U.S.C. § 3583. *Id.* at 4-5. Notably, Wolfe's constitutional challenge to § 3583 is not an as-applied challenge like the Court considered in *Haymond*. *See Haymond*, 588 U.S. at 637. Instead, Wolfe presents a facial challenge to § 3583, arguing that the statute is unconstitutional in all of its applications. *See* Docket 57; Docket 58; *Bucklew v. Precythe*, 587 U.S. 119, 138 (2019).

In *Haymond*, the Supreme Court held that 18 U.S.C. § 3583(k) violated the Fifth and Sixth Amendments as applied to the defendant there because § 3583(k) increased the mandatory minimum sentence based on facts not found by a jury beyond a reasonable doubt. *Haymond*, 588 U.S. at 641, 650,

5

652. Justice Breyer's narrow concurrence, which serves as the controlling opinion, clarified that the Court's holding in *Haymond* applies only to cases under § 3583(k), not to all cases under § 3583. *See id.* at 658 (Breyer, J., concurring in the judgment) (noting that "in light of the potentially destabilizing consequences, I would not transplant the *Apprendi* line of cases to the supervised-release context"); *United States v. Childs*, 17 F.4th 790, 792 (8th Cir. 2021).

Here, Wolfe was originally sentenced to 60 months in custody followed by 35 years of supervised release. Docket 70 at 1. After being released from custody, Wolfe's supervision has been revoked twice—both revocations occurring in 2024. *See* Docket 14 at 2-3; Docket 36 at 2-3. A third petition to revoke Wolfe's supervised release is currently pending before this court. *See* Docket 54. Although § 3583(k) was implicated at Wolfe's initial sentencing and again upon both revocation sentencings, Wolfe's contention that § 3583 is facially unconstitutional does not require an analysis under *Haymond* to determine whether § 3583(k), as applied to Wolfe, is unconstitutional. *See Haymond*, 588 U.S. at 658 (Breyer, J., concurring in the judgment) (listing factors that, in combination, render § 3583(k) unconstitutional as applied to certain defendants).

Rather, Wolfe's argument that 18 U.S.C. § 3583 is facially unconstitutional under the Fifth and Sixth Amendments lacks merit because it is foreclosed by Supreme Court and Eighth Circuit precedent. *See id.* at 658 (Breyer, J., concurring in the judgment); *id.* at 654-55 (Gorsuch plurality

6

asserting that the constitutional infirmity of supervised release proceedings outside of the § 3583(k) context was not presented in *Haymond*); *Childs*, 17 F.4th at 792 (holding that, consistent with the Supreme Court opinions in *Haymond*, the Eighth Circuit has limited the holding in *Haymond* "to § 3583(k), not to all cases under § 3583"); *United States v. Coleman*, 404 F.3d 1103, 1104 (8th Cir. 2005) (per curiam) (18 U.S.C. § 3583 does not violate Sixth Amendment); *Eagle Chasing*, 965 F.3d at 650-51 (same); *Watters*, 947 F.3d at 498 (18 U.S.C. § 3583 not violative of Double Jeopardy Clause); *see also United States v. Wilson*, 939 F.3d 929, 931 (8th Cir. 2019) (same).[1]

Because § 3583 is not unconstitutional, the court next addresses whether early termination of Wolfe's supervised release is appropriate. Wolfe's supervised release has been revoked twice after he admitted to violating certain special conditions of his supervised release, Docket 14, and after he was found by the court to have violated two special conditions of his supervised release, Docket 36. These violations include that he twice failed to comply with the

---

[1] Wolfe's arguments regarding the separation of powers and non-delegation doctrines are also unavailing. *See* Docket 57 at 1-3. Wolfe's argument—that the judiciary is acting like Congress by setting and revoking conditions for supervised release—fails because supervised release is a judicial function: probation officers are an arm of the court and supervised release violations are based on a breach of the court's trust, not new criminal conduct. *See* 18 U.S.C. § 3602(a); *Rosales-Mireles v. United States*, 585 U.S. 129, 133 (2018); *Watters*, 947 F.3d at 497. The same goes for Wolfe's argument that the judge is acting as a "post-sentence manager," akin to an executive actor, when it imposes a sentence and subsequently revokes a defendant's supervised release term. Docket 57 at 3. Because the conduct triggering revocation proceedings is considered a breach of the court's trust, the judiciary is acting well-within its Article III power when it revokes a defendant's supervised release. *See generally Watters*, 947 F.3d at 497.

provisions of the Computer/Internet Use and Monitoring Program, possessed pictures of minors who are not his children, and possessed or had access to a firearm, ammunition, destructive device, or dangerous weapon. Docket 14 at 1; Docket 36 at 1. These violations are serious, and Wolfe's completion of his full supervised release term is necessary to protect the public. *See United States v. Boyd*, 606 Fed. App'x 953, 961 (11th Cir. 2015) (per curiam) (affirming district court's denial of early termination of supervised release due to defendant's violent nature and overarching need to protect the public). Thus, the court denies Wolfe's motion to terminate supervised release early.

## II.     International Human Rights Law

Wolfe also maintains that the supervised release statute violates international human rights law. Docket 58 at 1-3. Specifically, Wolfe cites to the International Covenant on Civil and Political Rights (ICCPR) and contends that "certain aspects and applications of federal supervised release conditions may raise concerns under these international human rights standards." *Id.* at 2.

"For any treaty to be susceptible to judicial enforcement it must both confer individual rights and be self-executing." *Cornejo v. Cnty. of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007); *see also Purwantono v. Gonzales*, 498 F.3d 822, 824 (8th Cir. 2007) (explaining how the Refugee Protocol is "not self-executing" and therefore "not judicially enforceable law in the United States." (internal quotation marks omitted)). The ICCPR is not self-executing and has not been interpreted to confer enforceable individual rights. *See* 138 Cong. Rec.

S4781-01 (daily ed. April 2, 1992); *Sosa v. Alvarez–Machain*, 542 U.S. 692, 728 (2004) ("Several times, indeed, the Senate has expressly declined to give the federal courts the task of interpreting and applying international human rights law, as when its ratification of the International Covenant on Civil and Political Rights declared that the substantive provisions of the document were not self-executing."). The Supreme Court has stated that "although the [ICCPR] does bind the United States as a matter of international law, the United States ratified the [ICCPR] on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts." *Sosa*, 542 U.S. at 735.

Because the ICCPR is not self-executing and does not confer enforceable individual rights, the court is without jurisdiction to consider Wolfe's argument that violations of the ICCPR can serve as a basis to invalidate 18 U.S.C. § 3583.

## CONCLUSION

Based on the foregoing, it is

ORDERED that defendant's motion (Docket 57) is denied.

DATED September 5, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE